Dear Dr. Frank:
This letter is in reply to your opinion request asking whether Lincoln University is subject to the provisions of the state purchasing law, Chapter 34, RSMo, and, if not, whether Lincoln University may make purchases through the Office of Administration.
Section 175.040, RSMo 1978, provides:
 It is hereby provided that the board of curators of the Lincoln university shall organize after the manner of the board of curators of the state university of Missouri; and it is further provided, that the powers, authority, responsibilities, privileges, immunities, liabilities and compensation of the board of curators of the Lincoln university shall be the same as those prescribed by statute for the board of curators of the state university of Missouri, except as stated in this chapter.
The language of Section 175.040, RSMo, clearly shows the intention of the General Assembly of Missouri to give to the board of curators of Lincoln University powers identical to those of the board of curators of the University of Missouri, "except as stated in this chapter." In enacting that section, the legislature specifically limited the manner in which the powers of the board of curators of Lincoln University could be made dissimilar to those of the board of curators of the University of Missouri.
The statutory language which gives Lincoln University's board of curators powers corresponding to those of the University of Missouri's board of curators specifically provides that exceptions shall be limited to those set forth in Chapter 175, RSMo. In the absence of an amendment to Chapter 175, RSMo, it must be concluded that the General Assembly intended that the powers of the curators of Lincoln University remain identical to those of the curators of the University of Missouri.
From this it can be concluded that to the extent that the University of Missouri, acting through its board of curators, is empowered to carry on its own affairs, including its internal business operations, the board of curators of Lincoln University has the same power and authority. However, since it appears from your question that you are specifically interested in the power of the board of curators of Lincoln University to purchase goods and services, we will not in this opinion review all of the statutory powers of the board of curators of the University of Missouri which might relate to carrying on of its business activities.
Focusing now upon the power and authority of the board of curators of Lincoln University to purchase goods and services, we will first briefly examine the same powers with respect to the board of curators of the University of Missouri. It has long been the official position of this office that the state purchasing law is not applicable to the University of Missouri because of the language of Section 9(a), ArticleIX of the Missouri Constitution of 1945 which states:
 The government of the state university shall be vested in a board of curators consisting of nine members appointed by the governor, by and with the advice and consent of the senate.
This position was recently reaffirmed in Att'y Gen. Op. No. 55, Bradford, 2/5/79, a copy of which is enclosed.
Since the powers and authority of the board of curators of Lincoln University are analogous to those of the board of curators of the University of Missouri and because there is nothing in Chapter 175, RSMo, limiting the power of Lincoln University with respect to purchasing of goods and services, it follows that if the state purchasing law is not applicable to the University of Missouri, it does not apply to Lincoln University.
Your second question asks whether Lincoln University, having the power to purchase its own goods and services, has an option to purchase goods and services through the Office of Administration.
It is our view that Lincoln University and the Office of Administration may cooperate in the purchasing of goods and services for Lincoln University.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Att'y Gen. Op. No. 55, Bradford, 2/5/79